UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
PATRICK McGRATH

                Plaintiff,

  -against-

COMMISSIONER OF
SOCIAL SECURITY

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-03042-FB

Appearances:
*For the Plaintiff*:
HAROLD SKOVRONSKY
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
BREON S. PEACE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
BY: SCOTT C. ACKERMAN.

**BLOCK, Senior District Judge:**

      Plaintiff Patrick McGrath seeks review of the final decision of Defendant the Commissioner of Social Security denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have cross-moved for judgment on the pleadings. For the following reasons, McGrath's motion is granted to the extent that it requests remand, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this memorandum and order.

1

## I.

McGrath protectively filed for DIB and SSI as of November 30, 2017, alleging disability beginning May 1, 2017. McGrath reported that he had to quit his work in elevator maintenance and repair on that date because of dizziness, fainting, and weakness associated with heart problems. In April 2017, he underwent open heart surgery. During his period of convalescence, McGrath suffered from weakness and breathing problems, and had to relearn how to walk. He seeks a closed period of disability from his onset date of May 1, 2017 until his return to work in July 2018.

As relevant here, this case includes two medical opinions. On January 22, 2018, McGrath underwent a consultative examination administered by Dr. Lyudmila Trimba. Dr. Trimba concluded that McGrath had "moderate limitation" in his ability to walk, climb steps, push, pull, or carry heavy objects, and that he "should be restricted from activities requiring mild or greater exertion." AR at 275. In an April 16, 2018 opinion, a state medical consultant named Dr. Chen evaluated the evidence of record. Dr. Chen noted that McGrath suffered from "Valvular Heart Disease or Other Stenotic Defects, or Valvular Regurgitation," which Chen characterized as "severe." AR at 55. Dr. Chen concluded that McGrath's statements about "the intensity, persistence, and functionally limiting effects of the symptoms" were "substantiated by the objective medical evidence alone," AR at 56, and that McGrath suffered from exertional limitations.

Administrative Law Judge ("ALJ") Janet McEneaney held a hearing on September 5, 2019. In a September 26, 2019 decision, the ALJ found that McGrath was not disabled because he did not suffer from a medically determinable severe impairment for a period of twelve months. Because the Appeals Council declined review, the ALJ's decision is the final decision of the Commissioner.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Remand is warranted here because the ALJ impermissibly relied upon her own lay judgment in lieu of medical opinions when determining whether McGrath suffered from a medically determinable severe impairment for at least twelve months.

Because the ALJ is a layperson, not a doctor, she is not permitted to interpret raw medical information into a determination about McGrath's medical condition

without the assistance of a medical professional's insight. Though an ALJ may choose between competing medical opinions, she may not reject all medical opinions and instead substitute her own:

> With no statements in the record about functional abilities, however, the Court is forced to conclude that the ALJ crossed the line between selecting credible providers and filling in where those providers were wholly silent. The latter is not permitted and requires remand.

*Deubell v. Comm'r of Soc. Sec.*, No. 18-CV-935 HBS, 2019 WL 5781860, at *4 (W.D.N.Y. Nov. 6, 2019) (collecting cases); *see also Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an [residual functional capacity] determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.").

Here, both consulting physicians determined that McGrath suffered from medical conditions which caused exertional limitations. On January 2, 2018, the Commissioner's own consultative physician concluded that, based on a "guarded" prognosis, McGrath "should be restricted from activities requiring mild or greater exertion." AR at 279. The ALJ rejected that conclusion as "unpersuasive":

> Given the generally normal physical examination, Dr. Trimba supports these functional limitations solely on the claimant's alleged symptoms and alleged physical limitations. There is no objective evidence to support these medically inconsistent functional limitations. These limitations are not consistent with any other evidence in the record.

AR at 21. Upon her own review of the medical record, the ALJ substituted her view

4

of McGrath's medical condition for Dr. Trimba's. Likewise, the ALJ rejected Dr. Chen's medical opinion, again substituting her own opinion of the raw medical evidence for that the physician:

> The post operative laboratory findings were normal and [the] consultative examination also showed full motor strength and normal phsyical functioning. While she [sic] was given a heavy lifting precaution in her [sic] post-operative recovery, the evidence shows that by July 2017, the claimant did not have medical restrictions.

AR at 22. This was impermissible.

Rather than crediting the physicians' opinions, the ALJ determined that McGrath did not suffer from a medical restrictions or limitations. But she did not identify any medical opinion supporting her conclusion. Instead, she interpreted raw medical data for herself. While the ALJ may weigh competing medical opinions, she may not reject all of the medical opinions and instead undertake her own lay analysis of the medical evidence. "While an administrative law judge is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, [she] is not free to set [her] own expertise against that of a physician who testified before [her]." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (internal quotation and citation omitted). "[An ALJ] is not allowed to play doctor by using her own lay opinions to fill evidentiary gaps in the record." *Suide v. Astrue*, 371 Fed.Appx. 684, 690 (7th Cir. 2010); *see also Collins v. Berryhill*, No. 16-CV-6673 (PKC), 2018 WL 259282 (E.D.N.Y. Jan. 2, 2018)

5

(adopting *Suide*'s reasoning). That is what occurred here, and it constitutes legal error.

## CONCLUSION

Because the ALJ's determination of the length and severity of McGrath's impairment was tainted by legal error, McGrath's motion is GRANTED, the Commissioner's motion is DENIED, and the case is remanded for further proceedings consistent with this memorandum and order.

**SO ORDERED.**

                                              /S/ Frederic Block
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
November 12, 2019